UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MANNING ROLLERSON, SR, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-06-246 |
| | § | |
| HERIETTA GONZALEZ, *et al*, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant City of Freeport's Motion for Summary Judgment. For the reasons outlined below, the Motion is **GRANTED**, and Plaintiffs' claims against the City of Freeport are **DISMISSED WITH PREJUDICE.**[1]

**I. Legal Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2252–53, 91 L. Ed. 2d 265 (1986). If the party moving for summary judgment bears the initial burden of proof, "either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).When the party moving for summary judgment does not bear the initial burden of proof, said party must "inform[] the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

323, 106 S. Ct. at 2253. Then, in either case, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in a light most favorable to the non-movant and "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,249–50, 106 S. Ct. 2505, 2511–12, 91 L. Ed. 2d 202 (1986)). If the evidence would permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment should not be granted. *Liberty Lobby*, 477 U.S. at 247–48, 106 S. Ct. at 2510. On the other hand, "[i]f the evidence is merely colorable…or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S. Ct. at 2511 (citations omitted).

## II.  Background and Analysis

In this case, Plaintiffs assert violations of their First and Fourteenth Amendment rights and make claims for damages pursuant to 42 U.S.C. § 1983 and 1985. They also assert state law negligence claims. These claims were initially asserted against the City of Freeport and numerous officials affiliated with the City of Freeport ("the Individual Defendants"). In an Order dated June 13, 2007, this Court granted a Motion for Summary Judgment filed by the Individual Defendants. All claims against the Individual Defendants were dismissed, and the only remaining claims are those asserted against the City.

The Court discussed the facts of this case at length in its June 13, 2007 Order. That Order is hereby fully incorporated herein, and the Court will not recount the facts here. Upon discussing the facts of the case and Plaintiffs' legal claims, the Court held that no Plaintiff had stated a claim for a constitutional deprivation that could survive summary judgment.

In their Response to the City's Motion, Plaintiffs rehash the arguments that they have previously presented to the Court, essentially arguing that they do have valid constitutional claims. However, the Court has already considered and rejected those arguments. The Court stands by its finding that the Plaintiffs did not suffer any constitutional injury during the events made the basis of this lawsuit. Since none of the Plaintiffs suffered constitutional deprivations at the hands of the Individual Defendants, there is no possible basis on which they can recover on their constitutional claims against the City. The law simply does not authorize an award of damages against a municipality based on the actions of one or more of its officers when it has been determined that the officers inflicted no constitutional harm. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001). Therefore, Plaintiffs claims for constitutional violations by the City also cannot survive summary judgment and are **DISMISSED WITH PREJUDICE**.

Plaintiffs also assert claims for negligent hiring, supervising, and training against the City. The City of Freeport is entitled to governmental immunity from negligence claims unless the conduct complained of falls within one of the exceptions outlined by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.001, *et seq.* (Vernon 2005). It is well-established that negligent hiring, supervising, and training do not fall within any exception to governmental immunity. *See Tex. Dept. of Public Safety v. Petta*, 44 S.W.3d 575 (Tex. 2001). Accordingly, Plaintiffs' negligence claims against the City are **DISMISSED WITH PREJUDICE**.

### III. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**. All claims asserted against the City of Freeport in this matter are **DISMISSED WITH PREJUDICE.** The Court will enter a Final Judgment in this case contemporaneously

with this Order. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE this the 28th day of August, 2007, at Galveston, Texas.**

_____
Samuel B. Kent
United States District Judge